J-S54008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AGNES ELAINE DINKINS | : | |
| | : | |
| Appellant | : | No. 1375 WDA 2016 |

Appeal from the Judgment of Sentence March 23, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006551-2015

BEFORE: OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.: **FILED OCTOBER 06, 2017**

Agnes Elaine Dinkins appeals from the judgment of sentence imposed March 23, 2016, in the Allegheny County Court of Common Pleas. The trial court sentenced Dinkins to a term of three months' probation, and $170.00 in restitution, following her guilty plea to one count of criminal mischief.[1] Contemporaneous with this appeal, Dinkins's counsel has filed a petition to withdraw from representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). The **Anders** brief addresses two issues, one alleging Dinkins's plea was involuntarily entered, and the second, asserting prior

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3304(a)(2).

counsel's ineffectiveness.  For the reasons below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

As noted above, on March 23, 2016, Dinkins entered a guilty plea to one count of summary criminal mischief in exchange for which the Commonwealth withdrew charges of receiving stolen property, unauthorized use of a vehicle, and driving under suspension.[2]  That same day, the trial court sentenced Dinkins to a term of three months' probation and directed her to pay restitution in the amount of $170.00.  On March 28, 2016, Dinkins filed a timely post-sentence motion seeking to withdraw her guilty plea.  She averred her plea was involuntarily entered, and counsel rendered ineffective assistance, because counsel "did not thoroughly go over the plea agreement with her."  Motion to Withdraw Guilty Plea, 3/28/2016, at 2.  Counsel also requested permission to withdraw in light of Dinkins's claim.  *See id.*  On August 17, 2016, the motion was denied by operation of law.

Dinkins filed a timely notice of appeal.  On September 20, 2016, the trial court ordered her to file a concise statement of errors complained of on appeal.  After requesting two extensions of time, Dinkins complied with the court's directive on December 27, 2016.  That same day, counsel filed a

_____

[2] *See* 18 Pa.C.S. §§ 3925 and 3928, and 75 Pa.C.S. § 1543, respectively. Dinkins was arrested after she was found in possession of the keys to a stolen vehicle, which was parked in front of her house. *See* Criminal Complaint, 4/16/2015, Probable Cause Affidavit, at 2-3.

- 2 -

formal motion to withdraw based upon Dinkins's ineffectiveness claims. Counsel also argued, for the first time, that Dinkins should be permitted to raise her ineffectiveness claims on direct appeal due to the short length of her sentence, and attached a waiver of Post Conviction Relief Act ("PCRA")[3] rights, signed by Dinkins on November 10, 2016. However, at that time, Dinkins's waiver was ineffective since, as a result of her appeal, the trial court no longer had jurisdiction to proceed in the matter. *See* Pa.R.A.P. 1701(a). Thereafter, the trial court granted counsel's motion to withdraw on January 10, 2017, and appointed appellate counsel. The court did not address Dinkins's attempted PCRA waiver. Appellate counsel subsequently filed the present petition to withdraw and accompanying *Anders* brief.

When counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). Our review of the record reveals counsel has complied with the requirements for withdrawal outlined in *Anders*, *supra*, and its progeny. Notably, counsel completed the following: (1) he filed a petition for leave to withdraw, in which he states his belief that the appeal is wholly frivolous; (2) he filed an *Anders* brief pursuant to the dictates of *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009);

---

[3] *See* 42 Pa.C.S. §§ 9541-9546.

(3) he furnished a copy of the **Anders** brief to Dinkins; and (4) he advised Dinkins of her right to retain new counsel or proceed *pro se*. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, we have received no correspondence from Dinkins supplementing the **Anders** brief.

Therefore, we proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quotations and citation omitted). In so doing, we review not only the issues identified by appointed counsel in the **Anders** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." **Id.** at 1249 (footnote omitted).

The first issue identified in the **Anders** brief is Dinkins's claim that her plea was involuntarily entered because plea counsel "failed to thoroughly and adequately review the plea agreement with her." Anders Brief at 14.

When a defendant enters a guilty plea, she waives the right to challenge on appeal "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). Furthermore, when a defendant seeks to withdraw a plea after sentencing, she must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046

(Pa. Super. 2011) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000).

However, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what [she] was doing [and she] bears the burden of proving otherwise." ***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa. Super. 2006) (citation omitted). Indeed, "[w]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against [her], the voluntariness of the plea is established." ***Stork***, ***supra***, 737 A.2d at 790 (citation and internal quotation marks omitted). Furthermore, it is well-settled that a defendant who enters a guilty plea "is bound by the statements [she] makes in open court while under oath and [she] may not later assert grounds for withdrawing the plea which contradict the statements [she] made at [her] plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Our review of the transcript from the plea colloquy belies Dinkins's claim on appeal. Indeed, Dinkins acknowledged she had (1) read and answered the 68 questions in her written "guilty plea explanation of [] rights form;" (2) answered the questions honestly; and (3) read "the entire document and [understood] its full meaning[.]" N.T., 3/23/2016, at 5-6. In

- 5 -

the written explanation of rights form, which she signed and dated that same day, Dinkins also provided the following pertinent responses:

> 61. Are you satisfied with the legal advice and legal representation of your attorney? <u>Yes</u>
>
> 62. Have you had ample opportunity to consult with your attorney before entering your plea, and are you satisfied that your attorney knows all of the facts of your case and has had enough time within which to check any questions of fact or law which either you or your attorney may have about the case? <u>Yes</u>
>
> 63. Has your attorney gone over with you the meaning of the terms of this document? <u>Yes</u>

Guilty Plea Explanation of Defendant's Rights, 3/23/2016, at 10. Later, during the oral plea colloquy, Dinkins again stated she was "satisfied with the services that [her attorney] provided." N.T., 3/23/2016, at 6. Dinkins is bound by the statements she made under oath, and, accordingly, has failed to demonstrate her plea was involuntarily entered. Therefore, we agree that the first issue warrants no relief.[4]

The second issue identified in the **Anders** brief asserts the ineffective assistance of prior counsel for failing to ensure the preliminary hearing was recorded. The **Anders** brief maintains counsel's omission "resulted in the complete loss of testimony vital to [Dinkins's] defense." **Anders** Brief at 18. The trial court concluded, however, that this claim is premature, and must

---

[4] To the extent Dinkins frames her claim as one invoking the ineffective assistance of counsel – *i.e.*, counsel's ineffectiveness caused her to enter an involuntary plea – as we will explain *infra*, such a claim is unavailable on direct appeal.

be considered on collateral review. **See** Trial Court Opinion, 4/5/2017, at 3. We agree.

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed its holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that absent certain limited circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, **supra**, 79 A.3d at 576. The **Holmes** Court delineated two narrow exceptions to this general rule: (1) in "an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) (2) where the trial court "in its discretion, and for good cause shown, permit[s] post-verdict review of multiple, and indeed comprehensive, ineffectiveness claims if such review is accompanied by a waiver of PCRA rights[.]" **Id.** at 577, 578 (footnote omitted). Further, we emphasize that as "specifically indicated in **Holmes**, it is within the purview of the trial court's discretion to determine whether review at the post-verdict stage of the ineffectiveness claims is appropriate." **Commonwealth v. Burno**, 94 A.3d 956, 971 (Pa. 2014).

Here, Dinkins's ineffectiveness claim does not meet either exception to the **Grant** rule. First, the trial court did not conclude that Dinkins's claim

was either "meritorious" or "apparent from the record." *Holmes*, *supra*, 79 A.3d at 577. Second, as noted *supra*, Dinkins did not waive her PCRA rights **at a time** when the trial court still had jurisdiction. *See supra* at 3. Therefore, we detect no abuse of discretion on the part of the trial court in concluding that Dinkins's ineffectiveness claims are "premature, and should have been raised under the Post-Conviction Relief Act." Trial Court Opinion, 4/5/2017, at 3. Accordingly, the second claim identified in the *Anders* brief also fails.[5]

Therefore, we agree with counsel's assessment that the issues identified in the *Anders* brief are frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." *Flowers*, *supra*, 113 A.3d at 1248.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____

---

[5] We recognize that Dinkins has completed serving her short sentence and is no longer eligible for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(1)(i). Nevertheless, the Supreme Court has explained that while one of the purposes of the *Grant* exceptions was to benefit those defendants serving short sentences, those claims were still subject to the "constraints and consequences" outlined in *Holmes*. *Commonwealth v. Turner*, 80 A.3d 754, 763 n.7 (Pa. 2013), *cert. denied*, 134 S.Ct. 1771 (U.S. 2014).

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/6/2017</u>